UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| MICHAEL GEOGHEGAN, | ) | Case No.: 3:11 CV 1853 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MILAN FEDERAL CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Respondent | ) | AND ORDER |


Before the Court is *pro se* petitioner Michael Geoghegan's habeas corpus Petition filed pursuant to 28 U.S.C. § 2241.  Mr. Geoghegan, who was incarcerated at the Federal Correctional Institution in Milan, Michigan (F.C.I. Milan) when this action was filed, names F.C.I. Milan as Respondent.[1]  He claims his court-appointed attorney has failed to assist him since  his arrest on an alleged parole violation. Mr. Geoghegan seeks the court's "help in this matter."  For the reasons set forth below, this action is dismissed.

*Background*

Mr. Geoghegan was arrested by U.S. Marshals on or about May 24, 2011.  The arrest was prompted by a warrant issued by the United States Parole Commission (USPC), accusing him

---

[1]      According to the Federal Bureau of Prisons' Inmate Locator Website, Mr. Geoghegan was released from F.C.I.  Milan on March 23, 2012. For purposes of habeas jurisdiction, petitioner need only to demonstrate he was in custody at the time he filed the petition; thus,  release does not render the petition moot *per se. Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

of violating one or more conditions of his unexpired parole.   At the time of his arrest, Mr. Geoghegan was serving a parole term for armed bank robbery. The parole term was scheduled to expire on June 5, 2013.[2]

Once in custody, Mr. Geoghegan was held at the Lucas County Correctional Center in Ohio.   At that time, he submitted a request for appointment of counsel pursuant to the Criminal Justice Act (CJA), 18 U.S.C. §3006A.  On or about June 1, 2011,  Federal Public Defender Andy Hart was appointed to represent Mr. Geoghegan. *See Geoghegan v. United States*, 3:11-mj-05055-JRK-1 (N.D. Ohio June 1, 2011).  Mr. Hart visited  Mr. Geoghegan at Lucas Correctional on the same date he was appointed.  However, Mr. Geoghegan complains that the meeting lasted less than two minutes.  While he attempted to engage in further discussion, Mr. Hart allegedly ended the conversation suggesting Mr. Geoghegan "get the Preliminary Interview done." (Compl. at 1.)

Mr. Geoghegan states that he previously filed two *pro se* habeas petitions,[3] as well

_____

[2] A review of the Public Access to Court Electronic Records (PACER) reveals that Mr. Geoghegan's parole dates back to April 20, 1978, when a ten-year sentence was imposed for his armed robbery conviction in Michigan. *See Geoghegan v. L.C Eichenlaub*, No. 2:08cv12418 (E.D. Mich 2008). From that date until his arrest last year, Mr. Geoghegan amassed enough parole violations and additional criminal convictions to result in the Parole Commission's issuance of a Notice of Action on April 2, 2008,  re-paroling Mr. Geoghegan, effective June 25, 2008, until June 13, 2013. *Id.* at Doc. No. 5 (extensive outline of Mr. Geoghegan's criminal history).

[3] PACER reveals Mr. Geoghegan filed a *pro se* habeas petition in the United States District Court for the Eastern District of Michigan. *See Geoghegan v. Walton*, No. 2:11cv13123 (E.D. Mich. filed July 19, 2011).  In it, he alleged he fully served his ten-year sentence for armed bank robbery and that neither the Bureau of Prisons, nor the Parole Commission, had jurisdiction over him because the arrest warrant was not timely executed. The petition was dismissed without prejudice on July 28, 2011, for failing to exhaust his administrative remedies through the United States Parole Commission. There is no indication Mr. Geoghegan ever filed another habeas petition in Michigan. He subsequently filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in this court, *see Geoghegan*
(continued...)

-2-

as submitting a letter to the Clerk's office to complain about his attorney's lack of interest in his case.   Finally, he claims Mr. Hart never showed up at the Federal Detention Center in Milan, Michigan for his parole revocation hearing on July 26, 2011.   While Mr. Geoghegan claims the Public Defender's office was notified of the hearing, Mr. Hart never wrote to him or communicated with him after June 1, 2011.   He adds that he is now without counsel to assist him in filing a "meaningful appeal."

<em>Initial Review</em>

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002WL 31388736, at *1 (6th Cir. Oct. 22, 2002).  A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.   The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. *Jones v. Russell*, 396 F.2d 797 (6th Cir. [1968]); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. [1965])." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Mr. Geoghegan has not met his burden.

<em>28 U.S.C. §2241</em>

A district court is mandated to direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")   Therefore,

---

[3](...continued)
*v. United States*, 3:11-CV-01828 (N.D. Ohio Aug. 8, 2012), which was dismissed and re-filed as the Petition that is now before this court.

a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

At the time the Petition was filed, Mr. Geoghegan's custodian was the warden at F.C.I. Milan in Michigan. Because the respondent warden is not in this court's "respective jurisdiction,"[4] it does not have the power to grant a federal writ. 28 U.S.C. § 2241; *see Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.2004)("a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.") While this court may, pursuant to 28 U.S.C. § 1631, transfer the case in the interest of justice, transfer is not warranted for this action. *See Billops v. Department of Air Force, Little Rock Air Force Base, Ark*, 725 F.2d 1160, 1163 (1984)(transfer to appropriate forum can remedy mistake of filing in wrong court, but not mistake of filing in untimely manner.)

*Lack of Subject Matter Jurisdiction*

A federal court is obligated to ensure it enjoys subject matter jurisdiction to hear a case. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") Absent jurisdiction, a court "cannot proceed at all in any cause. Jurisdiction is the power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)(citation omitted). This court may, however, "take a 'peek' at merits of petitioner's claim, in order to determine whether a [28 U.S.C.A. § 1631] transfer to the correct

---

[4]     District courts have the power to grant writs "within their respective jurisdictions." 28 U.S.C. §2241(a).

-4-

district would be appropriate, in interests of justice, or whether transfer would be waste of time due to infirmities in petition." *Phillips v. Seiter,* 173 F.3d 609, 610-11 (7th Cir. 1999).

Section 2241 authorizes a district court to grant a writ of habeas corpus only if the petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Mr. Geoghegan's Petition does not attack the lawfulness of his confinement.  Instead, he claims Mr. Hart's flawed representation and failure to appear at his hearing resulted in a "max of 15 months for an administrative violation of Parole." (Pet. at ¶7.)  He seeks this Court's intervention to prompt his attorney to actively pursue his case and to assist him in filing an appeal.

To the extent Mr. Geoghegan seeks to assert a challenge to his Sixth Amendment right to counsel, the matter is not properly before this court.  Because he claims a 15-month maximum parole violation term may not have been imposed, 'but for' his attorney's absence from the hearing, Mr. Geoghegan's claim is a challenge to an adverse parole determination.  As such, he is required to exhaust his administrative remedies before seeking habeas relief.  *See Urbina v. Thoms,* 270 F.3d 292, 295, n. 1 (6th Cir. 2001); *see e.g. King v. Hasty,* 154 F.Supp.2d 396, 400 (E.D.N.Y.2001)("[a] petitioner must exhaust all available administrative remedies before filing a petition for habeas corpus relief, including in the parole context[,]")  Any prisoner or parolee is entitled to submit a written appeal to the National Appeals Board challenging a decision to rescind or revoke his parole. *See* 28 C.F.R. § 2.26.

The record clearly shows Mr. Geoghegan filed a *pro se* habeas petition in United States District Court of Michigan on July 19, 2011.  The petition was filed exactly one week before his parole revocation hearing and challenged the Parole Commission's jurisdiction over him. *See*

*Geoghegan*, No. 2:11cv13123. The court dismissed the petition, advising Mr. Geoghegan that he needed to first exhaust his administrative remedies before seeking habeas relief. There is no indication or allegation, however, that he heeded the district court's advice. Instead, after the Commission issued its decision, Mr. Geoghegan had the right to file a challenge within 30 days. 28 C.F.R. § 2.26(a)(2)("appeal must be filed on a form provided for that purpose within 30 days from the date of entry of the decision that is the subject of the appeal.") If, as he alludes, the Commission's decision was flawed because he received ineffective assistance of counsel, both the Commission and District Court made him aware of his right to exhaust that claim. He has not availed himself of that right.

*Conclusion*

Based on the foregoing, the court lacks personal and subject matter jurisdiction over this action. Accordingly, Mr. Geoghegan is not entitled to habeas relief and the Petition is dismissed pursuant to 28 U.S.C. § 2243. To the extent Mr. Geoghegan raises any claim of ineffective assistance of counsel during his parole revocation hearing, it is unexhausted; therefore, dismissal of that claim is without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 26, 2012

-6-